1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHARLES DeSYLVA VILLACRES,          No. 2:13-CV-2195-GEB-CMK-P

12                  Petitioner,

13          vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   GARY SWARTHOUT, et al.,

15                  Respondents.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole.  Pending before the

19   court is respondents' motion to dismiss (Doc 14).

20          Petitioner claims: (1) the denial of parole was not supported by "some evidence";

21   and (2) the application of "Marsy's Law," enacted after his conviction, to increase the time for

22   reconsideration for parole, violates the Ex Post Facto clause.  Respondent argues that the claims

23   are not cognizable.

24   / / /

25   / / /

26   / / /

1

Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest.  There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  <u>Id.</u> at 7.  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

<u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 862 (2011) (per curiam) (citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  442 U.S. at 16.  "The Constitution," we held, "does not require more."  <u>Ibid.</u>  Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.  (citations omitted).
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .
>
> <u>Id.</u>

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." <u>Id.</u> at 862-63 (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

1            In this case, petitioner claims that his federal due process rights were violated

2 because the denial of parole was not based on "some evidence."  As discussed above, it is not the

3 place of the federal court to rule on how California's parole standard has been applied except to

4 inquire as to the basic procedural guarantees.  To the extent petitioner claims that he was denied

5 procedural protections required by the federal constitution, the record clearly establishes that

6 petitioner was provided with the basic <u>Greenholtz</u> protections of notice and an opportunity to be

7 heard.  Because the federal constitution requires nothing more in the parole context, the petition

8 must be denied.

9            Turning to petitioner's claim that application of "Marsy's Law" to increase the

10 time between parole review hearings, as respondent notes petitioner is a member of the class of

11 prisoners litigating this same claim in <u>Gilman v. Brown, et al.</u>, E. Dist. Cal. no. 2:05-CV-0830-

12 LKK-CKD.[1]  Because petitioner's interests in this claim are being adequately represented by the

13 class in <u>Gilman</u>, petitioner should not be allowed to proceed with a separate action raising the

14 same claim.  <u>See</u> <u>Colt v. Swarthout</u>, 2011 WL 4710804, at *2-3 (E.D. Cal. 2011); <u>Rivers v.</u>

15 <u>Swarthout</u>, 2011 WL 6293756, at *2-3 (E.D. Cal. 2011).  Petitioner's Marsy's Law claim should

16 be dismissed.

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22

23         [1]       The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008).

24 Thus, this court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v. U.S.</u>,

25 378 F.2d 906, 909 (9th Cir. 1967).
         The <u>Gilman</u> class is defined as all California prisoners, such as petitioner, serving

26 life sentences with the possibility for parole for crimes occurring before November 4, 2008.

1           Based on the foregoing, the undersigned recommends that respondent's motion to

2  dismiss (Doc. 14) be granted.

3           These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court.  Responses to objections shall be filed within 14 days after service of

7  objections.  Failure to file objections within the specified time may waive the right to appeal.

8  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED:  October 30, 2014

11

12  **CRAIG M. KELLISON**
      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4